AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

WILLIAM HALL

**SUMMONS IN A CIVIL ACTION**

V.

MAERSK LINE LIMITED and U.S. BANK NATIONAL ASSOCIATION AS OWNER TRUSTEE

CASE NUMBER:

**08 CV 03518**

TO: (Name and address of Defendant)

U. S. BANK NATIONAL ASSOCIATION
Goodwin Square, 23rd fl.
225 Asylum Street
Hartford, CT 06103

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

TABAK, MELLUSI & SHISHA LLP
29 Broadway
New York, NY 10006
(212) 962-1590

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                    APR 1 1 2008
CLERK                                  DATE

(By) DEPUTY CLERK

Jacob Shisha
TABAK, MELLUSI & SHISHA LLP
Attorneys for Plaintiff(s)
29 Broadway
New York, NY 10006
Tel. (212) 962-1590
Fax. (212) 385-0920

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

WILLIAM HALL

        Plaintiff,

- against -

MAERSK LINE, LIMITED and
U.S. BANK NATIONAL ASSOCIATION
AS OWNER TRUSTEE

        Defendants.
------------------------------X

08 CV 03518

08 Civ.

COMPLAINT

Plaintiff Demands Trial Jury

## SEAMAN'S ACTION UNDER RULE ALLOWING FILING OF ACTION WITH OUT PREPAYMENT OF FEES

Plaintiff by his attorneys, TABAK, MELLUSI & SHISHA, LLP, complaining of the Defendants, respectfully states and alleges upon information and belief as follows:

1. Jurisdiction is predicated on 28 U.S.C. § 1331 pursuant to the Jones Act, 46 U.S.C.§ 10304 and pursuant to 28 U.S.C. § 1333, Admiralty and General Maritime Law of the United States.

3. MAERSK LINE, LIMITED ("MAERSK") was and still is an entity licensed to and doing business in the State of New York.

1

4. U.S. BANK NATIONAL ASSOCIATION ("U.S. BANK") was and still is and entity licensed to and doing business in the State of New York

5. At all the times relevant hereto MAERSK owned a certain vessel known as the M/V SEALAND PERFORMANCE.

6. At all the times relevant hereto MAERSK was the owner *pro hoc vice* of a vessel known as the M/V SEALAND PERFORMANCE.

7. At all the times relevant hereto MAERSK operated the M/V SEALAND PERFORMANCE.

8. At all the times relevant hereto, MAERSK managed the M/V SEALAND PERFORMANCE.

9. At all the times relevant hereto, MAERSK controlled the M/V SEALAND PERFORMANCE.

10. At all the times relevant hereto, MAERSK hired the crew of the M/V SEALAND PERFORMANCE.

11. That at all the times relevant hereto, MAERSK employed Plaintiff as a crewmember of the M/V SEALAND PERFORMANCE.

12. At all the times relevant hereto U.S. BANK owned a certain vessel known as the M/V SEALAND PERFORMANCE.

13. At all the times relevant hereto U.S. BANK was the owner *pro hoc vice* of a vessel known as the M/V SEALAND PERFORMANCE.

14. On or about May 8, 2007 Plaintiff sustained a traumatic injury to his right thumb when an automatic door latching mechanism on his stateroom's bathroom door failed causing the door to slam shut on his thumb resulting in a traumatic crush injury.

15. The occurrence described in paragraph 14 above was caused solely by the

2

negligence of the Defendants and the unseaworthiness of the M/V SEALAND PERFORMANCE; specifically the presence of an inadequate door latching mechanism, lack of proper inspection and maintenance of the door latching mechanism, lack of a manual hook to secure the door in rough weather, and lack of handholds or rails in the area of the bathroom door which would provide a safe handhold aside from the door frame itself.

16. The omissions, acts and conditions described in paragraph 15 above rendered the M/V SEA LAND QUALTIY unseaworthy.

17. As a result of the foregoing plaintiff has incurred medical expenses, loss of income, pain and suffering and will incur future medical expenses, loss of earnings and pain and in an amount, to be established at trial.

### AS AND FOR A SECOND CAUSE OF ACTION FAILURE TO PAY MAINTENANCE AND CURE

18. Plaintiff repeats all the allegation of paragraphs 1 to 17 of the complaint as if fully set forth herein at length.

19. Defendants had and still have the obligation to pay Plaintiff's maintenance and cure.

20. Defendants have failed to pay all outstanding items of maintenance and cure.

WHEREFORE, Plaintiff demand judgment against the Defendants jointly and severely on the first and second causes of action in an amount to be established at trial together with the interest and disbursements of this action, and for such other relief as the Court may deem just and proper under the circumstances.

3

TABAK, MELLUSI & SHISHA LLP
Attorneys for Plaintiff

BY: _____
JACOB SHISHA (JS 5452)