UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIAM HALL,

                Plaintiff,                Case No.: 08 Civ. 03518 (GBD)

   - against -

                                        **ANSWER**

MAERSK LINE, LIMITED, and
U.S. BANK NATIONAL ASSOCIATION as
OWNER TRUSTEE,

                Defendants.
------------------------------------------------------------x

      Defendant, MAERSK LINE, LIMITED ("MLL") as and for its Answer to the Complaint, by its attorneys, Kenny, Stearns & Zonghetti, state upon information and belief as follows:

1.      Defendant MLL does not dispute this Court's subject matter jurisdiction over the within matter.

2.      There is no Paragraph No. 2 contained in Plaintiff's Complaint.

3.      Defendant MLL denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      There are no allegations as to Defendant MLL contained in Paragraph 4 of Plaintiff's Complaint.

5.      Defendant MLL denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.	Defendant MLL admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.	Defendant MLL admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.	Defendant MLL admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.	Defendant MLL admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.	Defendant MLL admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.	Defendant MLL admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.	There are no allegations as to Defendant MLL contained in Paragraph 12 of Plaintiff's Complaint.

13.	There are no allegations as to Defendant MLL contained in Paragraph 13 of Plaintiff's Complaint.

14.	Defendant MLL denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant MLL denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant MLL denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant MLL denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

## ANSWERING PLAINTIFFS' SECOND CAUSE OF ACTION

18. MLL repeats and realleges each and every ADMISSION, DENIAL and DENIAL OF KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF AS TO THE TRUTH OF, contained in the foregoing paragraphs of this Answer with the same force and effect as is set forth at length.

19. Defendant MLL denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant MLL denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

## AS AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

### FIRST AFFIRMATIVE DEFENSE

21. The Court lacks personal jurisdiction over MLL.

### SECOND AFFIRMATIVE DEFENSE

22. The Southern District of New York is an improper venue and the case should be transferred to a proper venue.

### THIRD AFFIRMATIVE DEFENSE

23. If plaintiff was injured as he alleges, which is denied, his injuries were caused or brought about wholly or in part by his own contributory negligence and his recovery of damages, if any, must be proportionally reduced, or offset entirely, as a result of is contributory negligence.

### FOURTH AFFIRMATIVE DEFENSE

24. If plaintiff was injured as he alleges, which is denied, he has a duty to mitigate his damages, and any failure of plaintiff to mitigate his damages may be introduced at trial to reduce, or offset entirely, any amounts claimed as damages.

### FIFTH AFFIRMATIVE DEFENSE

25. If plaintiff was injured as he alleges, which is denied, MLL may not be held liable or otherwise responsible for anything arising out of plaintiff's pre-existing injuries and/or medical conditions.

SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff has reached maximum medical cure.

SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff may not recover from MLL for the injuries he alleges to the extent such alleged injuries were caused by his own failure to perform a duty imposed upon him by his employment (breach of primary duty). As chief engineer of the ship, plaintiff bore responsibility for inspecting and correcting the condition he alleges caused his injuries. Accordingly, his conduct amounts to a breach of primary duty and his suit is barred as a result.

WHEREFORE, defendant MLL requests that an order be entered granting dismissal of the Complaint, entry of a judgment in favor of defendant, with costs, disbursements and attorneys' fees and for any further relief that the Court may deem to be just proper.

Dated:    New York, New York
          July 30, 2008

                                KENNY, STEARNS & ZONGHETTI, LLC
                                Attorneys for Defendant
                                Maersk Lines, Ltd.

                        By:     /s/ Noreen D Arralde
                                _____
                                Noreen D. Arralde (NA 7723)

                                26 Broadway
                                New York, New York 10004
                                (212) 422-6111

TO:    TABAK, MELLUSI & SHISHA
       Attorneys for Plaintiff
       29 Broadway
       New York, New York  10006
       (212) 962-1590

       Attn: Jacob Shisha, Esq.